Oaruthers, J.,
delivered tbe opinion of tbe Court.
This is an appeal in error from an action of unlawful de-tainer, successfully prosecuted in the Circuit Court of Greene. Tbe case is most imperfectly made out on both sides. Tbe bill of exceptions cannot contain all tbe evidence. There are not facts enough given to enable any one to form an opinion as to tbe proper disposition of tbe case. Tbe charge of the Court assumes a state of facts that is not to be found in tbe record, and lays down principles that have no connection with tbe case made out. We think it probable that the evidence authorized tbe charge, and that it has been neglected to make tbe bill of exceptions show it. The assumptions of tbe charge misled us as to tbe character of tbe proof set out in tbe record. But we cannot know anything out of the record, although we may suppose that it is imperfect.
In this case tbe law is correctly charged upon tbe case assumed ; but upon a careful inspection of tbe evidence, as we have it, we find that it falls short upon some material points of making out tbe case, which, from tbe charge, it would be supposed existed.
We thought at first, that under the strong rules in favor of the conclusive character of the action of a jury, without error on the part of the Court, that .the judgment in this case should be affirmed. But the absence of arvy proof at all, on one material point, upon a closer inspection of the record, has changed our opinion. There is no proof or circumstance to show how Bird came into the possession, or in any way to connect him with Eddleman. It is impossible for us to see how he became liable to this peculiar action, as the bill of ex *14 ceptions is entirely silent as to the character of his holding, or in what mode or under what circumstances he obtained the possession. If Eddleman was a tenant of Eannon when he died in 1857, either by contract or implication, and Bird entered under a contract of purchase from him, or otherwise, under him or his claim, he would occupy his shoes, and he liable in this action to the landlord.
The case imperfectly shadoAved forth in the bill of exceptions is this: That Eannon and Eddleman were joint owners of the tract of land in question, and that they agreed upon and ran a partition line between them, and Eddleman was to Jive upon the part which was assigned to Eannon, being the same which he had previously occupied, during his life, or at the discretion of Eannon, upon conditions perhaps, and that he died in possession in 1857, about five years after this agreement ; whereupon Bird entered into the possession, and still holds it. But whether he entered under a contract Avith Ed-dleman, or under a claim of right, or as a trespasser, does not in any way appear. On that point the proof is entirely silent. If he entered in any way under Eddleman, the Court correctly held he would stand in his shoes, and be subject to this action upon the assumption that Eddleman was the tenant of Ean-non. Or, if it appeared that the latter was entitled to the possession, and that Bird held or entered unlawfully, this action would lie for the possession. But if the possession was vacant, and Bird entered peaceably, and for himself, without any connection with Eddleman, according to- the case of Greer v. Wroe & Wife, in 1 Sneed, 247, he would only be subject to an action of ejectment to try the title, and not to an action of forcible and unlawful entry and detainer.
The law of the charge is correct, but the facts, as they are presented to us in the record, do not make out the case that seems to be assumed. There is no proof at all to connect Bird with Eddleman, nor that the place was in the possession of any one when the former entered. We think it more than likely, from the apparent assumptions of the Court, that there was such proof as would sustain the verdict, but it is not set *15 forth, and we cannot act upon the presumption of its existence, as the bill of exceptions states that all.the evidence is set out. There must he some evidence to make out the state of the case on which the verdict must rest.
This summary action, given for the recovery of possession, is very proper and salutary in the cases prescribed by the statute; but we must not go beyond what is written in the use of it. We decide nothing now, but that the evidence, as we see it, does not make out a case for this statutory remedy.
Judgment reversed, and new trial granted.